

# The Attorney General of Texas

December 22, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Honorable Bill M. White
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas    78205

Opinion No.  MW-535

Re:  Bid procedures for county contracts

Gentlemen:

Both of you have asked questions concerning articles 1659a and 2368a, V.T.C.S.  Article 1659a imposes certain competitive bidding requirements upon counties with a population in excess of 900,000. Both Bexar and Harris County have populations in excess of this figure.  Article 2368a imposes another set of bidding requirements upon all counties.  You essentially ask:  If a county which intends to make a purchase or enter into a contract determines that both statutes are applicable, to which statute should it adhere?  Since you do not inquire about a particular product, we will answer your question in general terms.  We point out that other statutes may apply to certain purchases.  See Attorney General Opinion MW-439 (1982).

Article 1659a provides that counties with a population in excess of 900,000 must, unless an emergency exists, take bids on:

> supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions.

See also V.T.C.S. arts. 1659; 1659b.  Article 2368a provides in part:

> Sec.  2.  (a)  No  county,  acting  through  its Commissioners  Court...  shall  [unless  one  of  the specified  exceptions  applies]  hereafter  make  any contract  calling  for  or  requiring  an  expenditure or  payment  in  an  amount  exceeding...  ($5,000.00) out  of  any  fund...  without  first  submitting  such proposed contract to competitive bids.

Both statutes then set forth bidding procedures which differ in some respects.

Two briefs were submitted to this office in connection with these opinion requests. Both conclude that articles 1659a and 2368a conflict and that one statute must therefore control the other, although they disagree as to which one controls. One brief also suggests that article 2368a should be construed narrowly, as applying only to "contracts for public works and the machinery used therefor." The thrust of this argument appears to be that a narrow construction of article 2368a will prevent any conflict with article 1659a, because neither statute will apply to any item covered by the other. We will consider each of these arguments.

Patten v. Concho County, 196 S.W.2d 833 (Tex. Civ. App. - Austin 1946, no writ), is offered as authority for narrow construction of article 2368a proposed above. This case does construe the statute in this manner. When Patten was decided, however, article 2368a provided that no county could enter into a contract "for the construction of any public building, or the prosecution and completion of any public works" without taking bids. Now, the statute applies, with certain exceptions, to "any" contract in excess of $5,000.00. Since the language upon which the Patten court relied to reach its conclusion is no longer present, we believe the court's construction of the former statute is no longer apposite. We also note that other language in the statute, i.e., the statement in section 2(b) that "if the contract is for the construction of public works, then..." (emphasis added), and the reference in section 2a to "materials, equipment and supplies," clearly points to the conclusion that the statute is not now applicable only to contracts "for public works and the machinery used therefor."

As to the relationship between articles 1659a and 2368a, it is argued in one brief that article 2368a now constitutes the entire body of law governing counties in the area of competitive bidding, and that it impliedly repeals article 1659a. This argument runs as follows: Prior to 1979, article 2368a applied only to counties with a population of 350,000 or less. In 1979, however, the legislature removed the population limit, Acts 1979, Sixty-sixth Legislature, chapter 770, at 1901; see Attorney General Opinion MW-139 (1980), thus making the statute applicable to all counties. This action, it is asserted, must be interpreted as evidence of the legislature's intent to make article 2368a represent all of the competitive bidding law to which counties would be subject when entering into contracts.

In response, we first note that our courts do not favor repeals of statutes by implication. Hines v. State, 515 S.W.2d 670 (Tex. Crim. App. 1974); Wintermann v. McDonald, 102 S.W.2d 167 (Tex. 1937). In Motor Investment Company v. City of Hamlin, 179 S.W.2d 278, 281

(Tex. 1944), the Texas Supreme Court quoted from Texas Jurisprudence as follows:

> 'Where it is apparent that a statute is <u>intended</u>
> <u>to embrace all the law upon the subject with which</u>
> <u>it deals</u>, it repeals all former laws relating to
> the same subject. Under this rule, a statute that
> covers the subject matter of a former law and is
> <u>evidently intended as a substitute for it</u>,
> although containing no express words to that
> effect, operates as a repeal of the former law to
> the extent that its provisions are revised and its
> field freshly covered.... If the later act is
> <u>clearly intended</u> to prescribe the <u>only</u> rules which
> <u>should govern</u>, it repeals the prior statute,
> although the two are not repugnant in their
> provisions.' (Emphasis added).

The difficulty with the argument advanced above is that in 1981, the legislature amended article 1659a by raising its population limit to 900,000. Acts 1981, 67th leg., ch. 237, at 564. In our opinion, this action undermines the contention that article 2368a was intended to "embrace all the law on the subject with which it deals" and that it was "evidently intended as a substitute for" article 1659a. The legislature would not have concerned itself with article 1659a in 1981 if it did not think the statute was, and intend for it to be, effective. We therefore reject the notion that when the legislature amended article 2368a in 1979, it impliedly repealed article 1659a.

The other argument advanced in the briefs is that articles 1659a and 2368a are repugnant, that they cannot be reconciled, and that one therefore controls the other. We also reject this argument.

In <u>Brown v. Patterson</u>, 609 S.W.2d 287, 289-90 (Tex. Civ. App. - Dallas 1980, no writ), the court summarized the rules that are applicable here:

> When two statutes are alleged to be in conflict,
> additional principles come into play. If there is
> a <u>clear conflict</u>, the later expression of
> legislative intent controls, and to that extent
> the later statute will be held to have repealed
> the earlier statute.... Repeals by implication,
> however, are not favored, and, if there is <u>no</u>
> <u>positive repugnance</u> between the two [statutes],
> they will be <u>harmonized so as to give effect to</u>
> <u>both</u>.... Two statutes dealing with the same
> subject matter, though enacted at different
> legislative sessions will be construed together

and their provisions harmonized <u>to the extent
possible</u>. (Emphasis added) (Citations omitted).

We do not believe articles 1659a and 2368a are so repugnant that one or the other can be regarded as having been repealed by implication. At worst, they are in some instances duplicative. In our opinion, the two statutes can be reconciled, and effect can be given to both.

For the most part, articles 1659a and 2368a are complementary. In some instances, however, they set forth different requirements relating to the same subject. For example, article 1659a requires advertisements for bids to be published "once each week for two (2) successive weeks in a daily newspaper published and circulated in the county," whereas article 2368a requires "[n]otice of the time and place when and where such contracts shall be let" to be "published in such county... once a week for two (2) consecutive weeks prior to the time set for letting such contract, the date of the first publication to be at least fourteen (14) days prior to the date set for letting said contract." V.T.C.S. art. 2368a, §2(b). Article 1659a also contains some requirements that are more detailed than those in article 2368a, <u>i.e.</u>, the requirement that advertisements must indicate where specifications are to be found, and the time and place for receiving bids, that bids must be publicly opened on the appointed day and time, and that bids may be secured by check or bond.

When a county of over 900,000 population intends to enter into a particular contract, its first task will be to determine whether, given all provisions and exceptions, articles 1659a and 2368a are both applicable. If they are, and either statute imposes a requirement in an area which is not dealt with by the other, the county must comply with that requirement, regardless of which statute imposes it. Where both statutes impose requirements relating to the same subject, however, <u>i.e.</u>, advertising for bids, we believe the provisions of article 1659a would control. Statutes in <u>pari materia</u> must be "harmonized and given effect with the special governing the general in the event of any conflict." <u>Hines v. State, supra</u> at 675. In our opinion, as between articles 1659a and 2368a, the former is clearly the "special" statute.

Mr. Driscoll also asks whether article 2368a applies where the county intends to lease either real or personal property. Article 2368a provides that "any" contract in excess of $5,000.00 must be made on competitive bids. There is no express exception in the statute for lease contracts.

Section 2(b) of article 2368a does, however, provide that:

Provided... as to contracts for... the purchase of
land and right-of-way for authorized needs and
purposes, the provisions hereof requiring
competitive bids shall not apply and in such cases
the notice herein provided shall be given but only
with respect to an intention to issue time
warrants with right of referendum as contemplated
in Sections 3 and 4 hereof respectively.
(Emphasis added).

This exception, which makes the article 2368a bidding
requirements inapplicable to contracts for the "purchase of land,"
should in our opinion be construed to include acquisitions of real
property by lease. We do not believe the legislature intended to draw
a distinction between contracts for the purchase of land and contracts
for the lease of land. In particular, where a long term lease is
involved, a lease of real property is for many purposes equivalent to
a purchase of real property. See, e.g., Attorney General Opinion
H-655 (1975); H-403 (1974).

We therefore conclude that contracts for the lease of real
property are not subject to the article 2368a bidding requirements,
but that contracts in excess of $5,000.00 for the lease of personal
property are subject to those requirements.

## S U M M A R Y

Where articles 1659a and 2368a, V.T.C.S., are
both applicable, a county should follow the
requirements of both statutes. Where a conflict
between the two exists, article 1659a controls.
Contracts for leases of personal property, but not
real property, are within the ambit of article
2368a.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger